```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )   CR-N-04-30033-MAP
                               )
               Plaintiff,      )
                               )
          vs.                  )
                               )
PETER DAVIS,                   )
                               )
               Defendant.      )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT DAVIS'S MOTION IN LIMINE NO. 1**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, William M. Welch II, Assistant United States Attorney, and Steven Breslow, Assistant United States Attorney, hereby files this response to defendant Davis's Motion in Limine No. 1 Re: Government's Use of Inflammatory Language. This motion in limine should be denied because the contested terms are not inflammatory, but rather describe in ordinary and plain terms the evidence necessary to prove essential elements of the charged crimes.

This is a bribery case. The Government has charged defendant Davis in Count 1 with RICO, in Count 2 with RICO Conspiracy, and in Count 3 with Conspiracy to Commit Federal Bribery.[1] Count 1

---

[1] The defendant also has been charged with Obstruction of Justice in Count 107, in which the defendant falsely denied some of his bribery conduct.

1

alleges that defendant Davis committed numerous predicate acts of federal bribery in violation of Title 18, United States Code, Section 201 in furtherance of the RICO enterprise. Count 3 alleges that defendant Davis conspired with others to violate Section 201.

The essential elements of Section 201 require the United States to prove, among other things, that:

. . .

(2) the defendant did directly and indirectly give, offer, and promise anything of value to a public official; and,

(3) the defendant did so with the corrupt intent to influence the public official d in the performance of an official act or to commit a fraud on the United States or to perform acts in violation of his lawful duty.

Sands, <u>Modern Federal Jury Instructions</u>, ¶ 16-10.  The "corrupt" intent necessary to a bribery conviction is in the nature of a *quid pro quo* requirement." <u>United States v. Sun-Diamond</u>, 526 U.S. 398, 404 (1999).

Despite the fact that this is a bribery case, defendant Davis now seeks to bar the United States from using the very terms that describe what occurred. Defendant Davis contends that the terms are prejudicial. Defendant Davis's argument, however, simply cannot withstand Rule 403 scrutiny.

When balancing the probative value and need for evidence versus its possible prejudicial effect under Rule 403, the question is always "one of `unfair' prejudice - not of prejudice."

United States v. Moreno Morales, 815 F.2d 725, 740 (1st Cir. 1987). "By design, all evidence is meant to be prejudicial; it is only <u>unfair</u> prejudice that must be avoided." United States v. Rodriguez-Estrada, 877 F.2d 153, 156 (1st Cir. 1989). See also United States v. Lachman, 48 F.3d 586, 592 (1st Cir. 1995).

"When proffered evidence relates to the central issue in a case, it is a difficult matter indeed to show that the prejudicial effect of that evidence substantially outweighs its highly probative nature, as Rule 403 requires." Rubert Torres v. Hospital San Pablo, Inc., 205 F.3d 472, 479 (1st Cir. 2000). "[T]he more essential the evidence, the greater its probative value, and the less likely a trial court should order the evidence excluded." United States v. King, 713 F.2d 627, 631 (11th Cir. 1983). See also United States v. Cruz-Kuilan, 75 F.3d 59, 61 (1st Cir. 1996)(stating that "it would be surpassingly difficult to justify a finding of unfair prejudice" stemming from the introduction of evidence "so tightly linked to guilt as defined by" the offense's elements.). "`Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing.'" United States v. Rivera, 83 F.3d 542, 547 (1st Cir. 1996)(quotation and citation omitted).

While defendant Davis's motion involves the exclusion of terms, not evidence, the terms that defendant Davis seeks to

exclude describe in plain English what occurred in this case. Various witnesses will testify, for example, that they had to kick back a percentage of their contract to Raymond Asselin, Sr. and Arthur Sotirion in order to secure business with SHA. The term "kickback" is a term understandable and familiar to the witnesses and the jurors. The term helps the witnesses convey to the jurors what they had to do, i.e. return a portion of their contract to Asselin, Sr. and Sotirion in order to secure business from SHA. In short, the term enables the witnesses to articulate simply and plainly essential elements of the charged crimes: corruptly providing something of value in return for official action or non-action.

Similarly, the term "theft" helps witnesses describe what Asselin, Sr. and Sotirion did for certain SHA contractors, like defendant Davis, who paid bribes or kickbacks. The United States will introduce evidence that Asselin, Sr. and Sotirion caused SHA to pay for some of defendant Davis's materials and instructed SHA workers to perform work for defendant Davis on SHA time in order to complete defendant Davis's contracts with SHA. Asselin, Sr. and Sotirion did so even though the SHA contracts required defendant Davis to pay for his materials and pay his own labor. The net effect of such preferential treatment, of course, was that defendant Davis's costs decreased, thus increasing his profits and making it worthwhile for defendant Davis to pay illegal bribes and

kickbacks to Asselin, Sr. and Sotirion. The term "theft" is a plain, understandable way of describing what Asselin, Sr. and Sotirion did for defendant Davis in return for illegal bribes and kickbacks.

The cumulative testimony of these witnesses will establish that an overarching "pay to play" system existed within SHA, hence establishing that Asselin, Sr. and Sotirion operated SHA as a RICO enterprise. The phrase "pay to play" describes in a clear, concise fashion exactly what occurred during the tenure of Asselin, Sr. and Sotirion happened. Once again, the phrase "pay to play" is a simple, shorthand way of summarizing the evidence that will prove essential elements of the charged crimes, i.e. corruptly providing something of value in return for official action or non-action.[2]

There is nothing unfairly prejudicial about these terms because they are nothing more than shorthand ways of describing in layman's terms the essential elements of the charged crimes and the United States' theory of the case. See <u>Kapelanski v. Johnson</u>, 390 F.3d 525, 535 (7th Cir. 2004)(kickback theory admissible to prove how the fraud accomplished); <u>Okland Oil Co. v. Knight</u>, 2003

---

[2] The fact that defendant Davis denies that he was part of a "pay to play" system is irrelevant. Under that logic, the fact that defendant Davis denies having paid any bribes would foreclose the United States from introducing any evidence of bribes.

WL 22963108 at *9 (10th Cir. 2003)(use of term "kickback" proper as shorthand for theory of secret payments to secure business).

The terms certainly are not inflammatory. There is nothing about the terms "kickback", "pay to play", "graft", and "theft" that shock the conscience. Instead, these are garden variety descriptions of crimes so prevalent and commonplace that the general public has become inured to their use. The United States should not be so constrained in describing its evidence or conveying its theory of the case with language so stilted and full of *legalese* or so generic to drain the prosecution's words of any readily understandable meaning. See Wagenmann v. Adams, 829 F.2d 196, 217 (1st Cir. 1987)("Our judicial system is not so impractical as to demand that the last drop of juice be squeezed from evidence before a jury can consider it.").

For the foregoing reasons, the Government respectfully asks that the court deny defendant Davis's Motion in Limine No. 1 re: Government's Use of Inflammatory Language.

Filed this 25th day of August, 2006.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


                               /s/ William M. Welch II
                              WILLIAM M. WELCH II
                              Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

Hampden, ss.                              Springfield, Massachusetts
                                          August 25, 2006


    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

James C. Rehnquist, Esq.
Goodwin Proctor & Hoar
Exchange Place
Boston, MA 02109


                                    <u>/s/ William M. Welch II</u>
                                    WILLIAM M. WELCH II
                                    Assistant United States Attorney