

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. NO. 04-30033-MAP |
| ) | |
| vs. ) | |
| ) | |
| MELINDA ASSELIN, ) | |
| ) | |
| Defendant. ) | |

### PRETRIAL DIVERSION AGREEMENT

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Melinda Asselin enter into this written Pretrial Diversion Agreement (the "Agreement").

Background

1.  On July 9, 2004, the Grand Jury returned an Indictment against Melinda Asselin in United States District Court for the District of Massachusetts captioned United States v. Raymond Asselin, Sr., et al., Criminal No. 04-30033-MAP, charging the defendant with, among other things, conspiring to receive gratuities and receipt of gratuities, in violation of 18 U.S.C. §§ 371 and 201, and conspiracy to commit theft against the United States, in violation of 18 U.S.C. §§ 371 and 641. Melinda Asselin was arraigned on the Indictment on July 12, 2004.

2.  On January 11, 2005, the Grand Jury returned a Superseding Indictment against Melinda Asselin in United States

1

District Court for the District of Massachusetts captioned <u>United States v. Raymond Asselin, Sr., et al.</u>, Criminal No. 04-30033-MAP, charging the defendant with, among other things, the same violations described above. Melinda Asselin was arraigned on the Superseding Indictment on January 19, 2005.

<u>Terms and Conditions</u>

3. In light of the substantial period that Melinda Asselin has been subject to pre-trial release conditions without incident, together with her willingness to: (a) acknowledge responsibility for her conduct; and (b) comport her future conduct with the law, the Government has determined that the interests of justice will best be served by entry into this Agreement on the following terms and conditions:

4. Melinda Asselin acknowledges, stipulates to the accuracy of, and accepts responsibility for the conduct set forth in the Agreed Statement of Facts attached hereto as Exhibit A, which is incorporated by reference into this Agreement. Melinda Asselin agrees that she will not contest the admissibility into evidence of Exhibit A in any subsequent criminal proceedings brought by the government in the event of a breach of this Agreement.

5. Melinda Asselin agrees that she shall not individually, jointly, through present or future attorneys, or through present or future representatives or agents, make any statement

contradicting any statement of fact contained in Exhibit A. Any such contradictory statement shall constitute a breach of this Agreement, and Melinda Asselin thereafter will be subject to prosecution pursuant to the terms of this Agreement. Nothing contained in this paragraph shall be construed as an admission of guilt or sufficient facts to support a guilty finding, nor shall it preclude Melinda Asselin from asserting before state or municipal agencies or other entities that she has not been convicted as to any offense charged in the Superseding Indictment.

6. The substance of this agreement was agreed to by the parties orally on approximately September 15, 2006, and contemplated an eighteen-month period of pre-trial diversion. In light of the fact that in the intervening twenty-one months the defendant has been supervised by Pretrial Services without incident, the Government agrees to recommend to the Court that prosecution of Melinda Asselin on the Superseding Indictment referenced in paragraph 3 be deferred until August 6, 2008 (hereafter, the "Diversion Period"), provided that Melinda Asselin complies with the terms and conditions of this Agreement.

7. During the Diversion Period, Melinda Asselin shall not violate any federal, state, or local law and, through her counsel, shall notify the Government within 72 hours should she be arrested in connection with any offense other than a traffic

infraction. Such notice shall be provided in writing to the Chief Assistant United States Attorney, U.S. Attorney's Office, 1550 Main Street, Suite 310, Springfield, MA 01103.

8. The Government agrees that if Melinda Asselin is in full compliance with all of her obligations under this Agreement, the Government shall, within thirty days of the expiration of the Diversion Period, seek dismissal of the Indictment with prejudice.

9. It is understood that should the Government, in its sole discretion, determine that Melinda Asselin has violated any provision of this Agreement, then the Agreement shall become null and void and the Government may thereafter institute criminal prosecution against the person violating the Agreement for the offense alleged in the Superseding Indictment.

10. Melinda Asselin hereby knowingly and willingly tolls the statute of limitations and waives her rights to a speedy trial for the offenses charged in the Superseding Indictment during the period of time from September 15, 2006 through the entire period that this Agreement is in effect. Melinda Asselin hereby certifies the she is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, and that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss

4

an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial; that she requests the Government to defer such prosecution; that she agrees and consents that any delay from September 15, 2006 through the Diversion Period shall be deemed to be a necessary delay at her request and excluded from computation under the Speedy Trial Act; and that she waives any defense to such prosecution on the ground that such delay during the Diversion Period operated to deny her rights under Rule 48(b) of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3161, and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reasons of the running of the statute of limitations from September 15, 2006 through the entire period that this Agreement is in effect.

11. As a condition of this Agreement, Melinda Asselin hereby knowingly and willfully agrees to waive any claim she might have to 56 Stage Island Road, Chatham, Massachusetts and 518 Old Farm Road, Amherst, Massachusetts (collectively the "Properties"), and to transfer her interests in the Properties to Joseph Asselin for purposes of effectuating the forfeiture and/or restitution and final disposition of the Properties in this case. Melinda Asselin's waivers of her claims and assignments of her interests to Joseph Asselin for purposes of forfeiture and/or

restitution in this case is being filed with this Agreement.

12. This Agreement shall remain in effect until August 6, 2008.

13. It is understood and agreed by all parties that this Agreement shall be publicly filed in the United States District Court for the District of Massachusetts upon its full execution.

14. This Agreement contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this Agreement. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement may not be modified except in writing signed by all the parties.

15. This Agreement may be executed in counterparts.

**On Behalf of the Government**

Dated:   June/6/, 2008         MICHAEL J. SULLIVAN
                                United States Attorney

                         By:  _____ 6/16/
                                MICHAEL K. LOUCKS
                                Acting United States Attorney

**On Behalf of the Defendant**

I hereby state and affirm that I have read this Agreement and understand its contents. I agree that I will comply with the Terms and Conditions stated herein.

Dated: June 6/26, 2008         Melinda Asselin
                                Melinda Asselin

I have fully explained to my client all the rights that a

6

criminal defendant has and all the terms of this Agreement. In my opinion, my client understands the terms of this Agreement and all the rights that she is giving up by entering into this Agreement, and based on the information now known to me, her decision to enter into this Agreement is knowing and voluntary.

Dated: June 27, 2008

                                    Bernard Grossberg
                                    Attorney for Melinda Asselin

EXHIBIT A

**AGREED STATEMENT OF FACTS**

1.   Melinda Asselin married Joseph Asselin in 1988 and they have been married ever since. Joseph and Melinda Asselin originally resided at 421 Homestead Avenue, Holyoke, MA from approximately 1989 through 1997, and later purchased and built a new home at 518 Old Farm Road, Amherst, MA from approximately September, 1997 through approximately June, 1998.

2.   Since moving to 518 Old Farm Road, Amherst, MA, I accepted and take responsibility for accepting a number of items from my father-in-law, Raymond Asselin, Sr., for which I did not pay. These items included paint, tile, plumbing, heating systems and other items installed by Manny's Plumbing & Heating and other companies that did business with Springfield Housing Authority. Based on the facts and circumstances related to these events, I should have understood, and now understand, that these items were paid for by contractors that did business with the Springfield Housing Authority and were paid for with Springfield Housing Authority funds.

3.   In addition, I also accept and take responsibility for accepting from my father-in-law, Raymond Asselin, Sr., the services of workmen who did construction and/or home improvements and/or who did painting, and tile installation at my home. I did not pay for the services of these workmen. Based on the facts

8